## SUPREME COURT.

BOWERY NATIONAL BANK agt. ABRAM DURYEA.

*Order of arrest — when will be vacated — section* 558, *Code of Civil Procedure — complaint must state the facts which the party alleges entitle him to the order.*

Under the Code of Civil Procedure every party who obtains an order of arrest is required to set forth in his complaint the facts which he alleges entitle him to such an order.

While under section 558 the order of arrest may be granted to accompany the summons, yet it must be vacated at any time after filing or service of the complaint, if the complaint shows that the case is *not* one of those mentioned in sections 549 or 550.

*Special Term, February,* 1878.

MOTION to vacate an order of arrest.

The suit was upon a note for $591, which was renewed on July 3, 1877. The complaint simply set out the loan of the money at that time. But the affidavit on which the order of arrest was issued, which is by one of the officers of the bank, states that at the time of making the original note Mr. Duryea represented himself as owning a large amount of real estate in this city, and as being solvent, when in fact his property was fully mortgaged, and he was insolvent and made an assignment on October 20, 1877, before the loan became due. A motion to vacate the order of arrest was based upon the fact that the complaint did not, as required by the new Code, state the cause of the arrest.

*Wm. M. Ivins*, for the motion.

*Abraham Kling*, opposed.

Bowery National Bank agt. Duryea.

LAWRENCE, *J.* — [After commenting upon some questions of a technical character, not important, as affecting the merits, proceeded] : Dismissing then such of the points of the defendant's counsel as are founded on the alleged want of jurisdiction and irregularity in the granting of the order of arrest, I will proceed to examine the motion on its merits. The complaint in this action has been served, and an answer has been put in, and the motion is made partially upon the pleadings. The complaint avers that on the 23d day of July, 1877, the plaintiffs loaned and advanced to the above named defendant, at his request, $291, and that the defendant has not paid the same or any part thereof, though often requested so to do.

The answer is a general denial. The cases in which a defendant can be arrested are prescribed by the 549th and 550th sections of the Code of Civil Procedure. It is quite clear from the complaint, that it does not state a case which falls within the provisions of either of those sections. There is no allegation of fraud contained in the complaint. A simple loan is stated which the defendant is alleged not to have paid.

The complaint standing alone, therefore shows that the case is *not* one of those cases which are mentioned in sections 549 and 550 of the Code. Under the late Code the defendant would have been liable to arrest if the plaintiffs could have shown, by affidavits, extrinsic of the complaint, that he had been guilty of fraud in contracting the debt or in obtaining the loan. But sections 557 and 558 of the Code of Civil Procedure contain the following provisions :

Sec. 557. " The order may be granted where it appears by the affidavit of the plaintiff or of any other person, that a sufficient cause of action exists, and that the case is one of those mentioned in the last preceding article. The affidavit may also contain any statement tending to determine the amount of bail to be required."

Sec. 558. " Subject to the provisions of the last preceding article, the order may be granted at any time after the commencement of the action. It may also be granted to accom-

pany the summons. *But at any time after the filing or service of the complaint, the order of arrest must be vacated on motion, if the complaint shows that the case is not one of those mentioned in sections* 549 *or* 550 *of this act."*

Sections 549 and 550 are contained in article 1 of title 1 of chapter 7 of the Code of Civil Procedure. Sections 557 and 558 are contained in article 2 of said title and chapter. The last paragraph of section 558 is entirely new, and has not, so far as I can learn, received judicial construction. The complaint in this case certainly does show that this case is not one of those mentioned in sections 549 and 550 of the Code of Civil Procedure. It discloses only, as already stated, a loan to the defendant by the plaintiff, and the failure of the former to pay such loan. In other words, it shows only the breach of a simple contract on the part of the defendant. For this default the law does not authorize an arrest. I have said above that this new provision of the Code, does not appear to have received judicial construction. Nor is there any note of the commissioners which throws light upon the subject. The commissioners' note only states that this section is taken from section 183 of the Code of Procedure with modifications rendered necessary by the reconstruction of section 179. I find on turning to the section as it originally stood in the Code of Remedial Justice, that it provided that " a complaint need not be presented on the application therefor " (*i. e.*, the order), " but for the purpose of determining whether the order was properly granted, a complaint *thereafter made* must be regarded as having been made, at the time of the application."

The object of the original section it would appear, then, was to prevent a plaintiff who had merely prepared his summons, from maintaining an order of arrest, in a case where the complaint showed that no cause of action existed against the defendant, and for that reason the complaint thereafter made was to be regarded as having been made at the time of the application for the order.

I should not, therefore, hold that under section 558 of the Code of Remedial Justice, on a motion to vacate an order of arrest, it would be necessary to show more than that the complaint which was filed, *after the order of arrest was granted* disclosed a cause of action of some kind, the extrinsic facts entitling the plaintiff to an order of arrest, being established by the affidavits presented at the time of the application for the order. But it will be seen, upon comparing the sections, that section 558 of the Code of Civil Procedure is very different in its language from the same section in the Code of Remedial Justice, and the amendment made by the legislature must be deemed to have been intentional. That intention, in my opinion, was to prevent an abuse which existed under the old Code of Procedure in obtaining orders of arrest, on affidavits alleging extrinsic facts, going to establish fraud in cases of simple debt or contract, in which case the defendant was obliged to try the question of fraud on affidavits alone. To a complaint alleging, for instance, a liability for goods sold and delivered, or as maker or indorser on a promissory note, the defendant could make no answer. Having made or indorsed the note, or bought the goods, he must concede his liability, but to allegations of fraud in the purchase of goods or in the making of the note, he might have a perfectly good defense. This defense, where the facts on which the order of arrest was granted were extrinsic to the cause of action stated in the complaint, the defendant, under the old Code, was prevented from presenting to a jury. His case must be laid before the court on affidavits alone. The court under the old system did not see the witnesses, and had no opportunity from personal observation, of determining as to the probabilities of the truth of their statements. I can readily conceive that the legislature, in changing the phraseology of section 558 of the Code, by the amendment of 1877, designed to obliterate from the law the then existing anomaly of a party's being entitled as matter of right to a jury trial, on a simple question of the sale and delivery of goods, or of

Bowery National Bank agt. Duryea.

liability on a money demand, and yet being deprived of that right in cases involving his character and his liberty.

The intention of the Legislature, in my opinion, was to require every party who obtains an order of arrest, to set forth in his complaint the facts which he alleges entitle him to such order, so that the defendant may take issue on that question and have the issue disposed of by a jury. Such an amendment is so fully in accordance with the principles of natural justice, that it must commend itself to the minds of all. The construction which I have given to section 558 of the Code of Civil Procedure, renders it unnecessary to discuss the facts alleged, either in the moving or resisting affidavits, nor is it necessary to consider the affidavits as to the character of the defendant. The motion to vacate the order of arrest is granted, with costs of motion.

NOTE. — In all the cases mentioned in section 550, which are briefly as follows, viz., " actions for chattels where there has been concealment or removal to elude plaintiff; actions on contract, where there has been fraud therein, or a fraudulent conveyance or removal with an intent to defraud creditors; actions for money received, where there has been breach of trust; and actions for relief which might be enforced by process for contempt, where defendant is non-resident or departing," etc., the ground of arrest is extrinsic to the cause of action. We must confess that we can see no good reason why the party obtaining an order of arrest in actions of this character should not comply with the plain provision of the statute by setting forth in his complaint the facts which he alleges entitle him to such order. No provision could be plainer than that contained in section 558. The true construction of the words (as used in the section), " if the complaint shows that the case is *not one* of those " so mentioned is, we think, equivalent to saying " if the complaint fails to show that the case *is* one " of those. It seems to us that the intention of the legislature, is plain in amending section 558 as it stood in the Code of Remedial Justice (as is well said by judge LAWRENCE in his opinion) "to prevent an abuse which existed under the old Code of Procedure, in obtaining orders of arrest on affidavits alleging extrinsic facts going to establish fraud in cases of simple debt or contract, in which case the defendant was obliged to try the question of fraud on affidavits alone."—[ED.